## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18CR000214 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DONALD C. NUGENT |
| -vs- | : | |
| | : | |
| DANIEL E. HALE, | : | **DANIEL HALE'S SENTENCING** |
| | : | **MEMORANDUM** |
| Defendant. | : | |

Daniel Hale submits this sentencing memorandum in support of his request for a prison sentence of 15-21 months, which is consistent with the guidelines range the parties agreed to in the notice of plea. Mr. Hale pleaded guilty to one count of possessing firearms after a felony conviction. He inherited the firearms that he illegally possessed, and sold them to help raise money to support his girlfriend and baby. Other than one 24-year-old conviction, he has no history of violence or firearms violations. And, he suffers from advanced malignant skin cancer and other serious health problems. Considering the nature and circumstances of the offense and Mr. Hale's history and characteristics, a 15-21 month prison sentence is appropriate.

## I.      Background

Daniel Hale is 53 years old. He is a veteran of both the U.S. Navy and the U.S. Army. PSR ¶ 50. He cared for his birth mother, who was diagnosed with cancer in 2015, until she died in 2016. *Id.* ¶ 45; Ex. A, D. Hale Letter.

When Mr. Hale's mother died, she left property to him in her will, including two firearms and ammunition. PSR ¶ 19; Ex. A, D. Hale Letter. After his girlfriend became pregnant, Mr. Hale decided to sell the guns to raise money. PSR ¶ 19. He sold them to a confidential informant, and was indicted for possessing a firearm after a felony conviction. *Id.* ¶¶ 2-3, 7-15. He pleaded guilty to the indictment. *Id.* ¶ 4. Regardless of his reasons for possessing and selling the guns, Mr. Hale recognizes that he broke the law, accepts responsibility for his conduct, and understands that the Court will punish him accordingly.

In the Notice of Plea, the parties agreed that the base offense level was 14. *Id.* The parties also agreed that no other specific offense characteristics, guideline adjustments, or departures applied. *Id.*

Mr. Hale was put up for adoption shortly after he was born, after his birth father dropped his mother off at a home for unwed mothers. *Id.* ¶ 43. His adoptive parents abused him physically and emotionally, and a babysitter, counselor, and teacher abused him sexually. *Id.*; Ex. A, D. Hale Letter. He attempted suicide as a youth and has been treated for depression and anxiety as an adult. PSR ¶ 48.

After he graduated from high school, Mr. Hale enlisted in the U.S. Navy. *Id.* ¶ 50; Ex. A, D. Hale Letter. He received an honorable discharge, and then enlisted in the U.S. Army, in which he served in active duty, active reserves, and inactive reserves. PSR ¶ 50; Ex. A, D. Hale Letter.

Shortly after leaving the military, and while still in his 20s, he was convicted of uttering counterfeit obligations, attempted rape, and trafficking marijuana. PSR ¶¶ 32-33. He served time in prison and was ultimately released in 2004. *Id.* ¶ 33. Mr. Hale's sentence had a major rehabilitative effect on him. Aside from one drug-possession charge, he has committed no criminal offenses and had no probation violations since 1998 until this case. *Id.* ¶¶ 33-34.

2

In 1997, Mr. Hale was first diagnosed with malignant skin cancer. *Id.* ¶ 47; Ex. A, D. Hale Letter. He has had over thirty medical procedures, with skin grafts and scars across his neck, chest, arms, shoulder, pelvic, and back. PSR ¶ 47. He continues to suffer from chronic pain from this and other medical conditions, and has been prescribed several daily medications to treat his medical conditions. *Id.* He requires a full-body-scan monitoring every six months, which has not occurred while in detention.

In 2004, Mr. Hale reconnected with his birth mother. *Id.* ¶ 45; Ex. A, D. Hale Letter. He describes it as "the first time in my life I experienced unconditional love and it was a healing process for us both." Ex. A., D. Hale Letter. Unfortunately, she was diagnosed with cancer in 2015. *Id.* Mr. Hale cared for her until she died in 2016. PSR ¶ 45; Ex. A, D. Hale Letter.

In her will, she left guns to Mr. Hale, among other things. PSR ¶ 19; Ex. A, D. Hale Letter. Around that same time, Mr. Hale met his girlfriend, Jessica. She became pregnant with their child, and Mr. Hale decided to sell his mother's guns to help raise money for Jessica and the baby. Mr. Hale originally gave the weapons to a friend for safekeeping, but he later retrieved them to sell. He recognizes that he should not have retrieved them to sell.

Jessica suffered from opioid addiction, with tragic consequences. In March 2018, Jessica took their baby daughter to a neighbor's apartment. The baby was exposed to fentanyl, and she died. PSR ¶ 46; Ex. A, D. Hale Letter. Jessica was convicted of involuntary manslaughter and sentenced to five years in prison. PSR ¶ 46.

Approximately two months later, Mr. Hale was indicted in this case. *Id.* ¶ 1. He has written a letter, which we are submitting for the Court to consider, describing "my life, my actions and its consequences." Ex. A, D. Hale Letter. While in custody, Mr. Hale has also completed a 40-hour substance abuse program. *See* Ex. B, Certificate.

## II.    Law & Analysis

Mr. Hale's advisory guidelines range is inflated by a two-point enhancement for an offense involving three or more firearms, where this offense involved only two. Without that improper enhancement, Mr. Hale's total offense level is 17, yielding a guidelines range of 30-37 months in prison. Further, because of the nature and circumstances of this offense and Mr. Hale's history and characteristics, a sentence in the range of 15-21 months in prison, consistent with the offense level the parties agreed to in the Notice of Plea, is sufficient but not greater than necessary to satisfy the purposes of sentencing.

First, Mr. Hale's offense involved two firearms, not three. He sold two firearms to the confidential informant, and that is what he pleaded guilty to. Although he purportedly posted another gun for sale, there is insufficient evidence regarding whether it was real, traveled in interstate commerce, or was operable. The weapon was not seized nor charged by the government. Thus, the two-point enhancement under Guidelines § 2K2.1(b)(1)(A) should not apply, and Mr. Hale's advisory guidelines range should be 30-37 months.

Second, for two reasons, the nature and circumstances of the offense support a downward variance: (1) Mr. Hale recognizes that he broke the law and takes responsibility for his conduct. Nevertheless, he has no past firearms violations, and the unique circumstances of his offense indicate that he does not present a danger of future firearms violations. He inherited the firearms that he possessed, and sold them to raise money to support his girlfriend and baby. (2) Mr. Hale's base offense level is inflated from 14 to 20 based on a 24-year-old attempted rape charge. That is a serious crime, but Mr. Hale served his punishment for it. He has done nothing approaching that degree of violence or seriousness since. He thus presents a lesser safety risk than other offenders with the same base offense level, whose crimes are typically more recent and more frequent.

Third, Mr. Hale's history and characteristics also support a downward variance and further indicate that a shorter sentence will be sufficient to provide just punishment, protect the public, and deter others. Mr. Hale struggled to overcome abuse and served his country in the armed forces. He now suffers from serious health problems requiring daily medication and regular treatment for chronic pain and other complications. A prison sentence for a defendant with serious medical problems, like Mr. Hale, is more severe and carries greater risks than an equivalent prison sentence for a healthy defendant. *See United States v. Musgrave*, 647 F. App'x 529, 537 (6th Cir. 2016) (noting government audit report concluding that BOP medical-treatment programs "were ineffectively implemented"). And Mr. Hale's age makes him significantly less likely to commit future crimes than other offenders. *See* U.S. SENTENCING COMMISSION, Recidivism Among Federal Offenders: A Comprehensive Overview, at 23.[1]

## III.    Conclusion

Based on the proper advisory guidelines range, the nature and circumstances of the offense, and Mr. Hale's history and characteristics, a sentence of 15-21 months in prison is appropriate.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928

/s/ *JACQUELINE A. JOHNSON*
First Assistant
Federal Public Defender
Ohio Bar:  0025606
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 (o); (216) 522-4321 (f)
(jacqueline_johnson@fd.org)

---

[1] Available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2018, a copy of the foregoing Sentencing Memorandum was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ *JACQUELINE A. JOHNSON*
First Assistant
Federal Public Defender
Ohio Bar: 0025606